# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXIO

ESTHER RAQUEL MEDINA,

      Plaintiff,

v.                                                        No. 1:24-cv-00337-WJ-KK

FIRST CONVENIENCE NATIONAL BANK OF TEXAS and
NATIONWIDE INSURANCE,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

      Plaintiff, who is proceeding *pro se*, alleged:

> I was injured due to system failure as well as my children.  I was given 3500 3 years later after broken patella.  I am reporting fraud someone took money out my bank account 6,928
>
> . . . .
>
> I was in a accident 6/16/2018.  I proceeded suing them then got ambushed and embezzled out of my compensation.  Fraud was committed onto my account

[sic] Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Doc. 1, filed April 8, 2024

("Complaint").  Where the Complaint form prompts plaintiffs to provide supporting facts and to

describe how each defendant is involved, Plaintiff wrote:

> Andy – Keller & Keller 6/21/2018 Alb, NM
> Ron Bell 6/16/21 Alb, NM
> Amanda 6/20/21 Alb, NM
> Nationwide Insurance 1/2/21 Alb, NM
> 1st Nation bank of Texas Alb, NM

Complaint at 3.

      United States Magistrate Judge Kirtan Khalsa notified Plaintiff the Complaint does not

allege facts that support jurisdiction:

> There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
>
>> "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" . . . "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."
>
> *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir.2012) and *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). Although Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," there are no factual allegations showing that this case arises under 42 U.S.C. § 1983.
>
> There is no properly alleged diversity jurisdiction because the Complaint states that Plaintiff and Defendants are citizens of New Mexico and does not allege that the amount in controversy exceeds $75,000. *See* Complaint at 1. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

Order to Show Cause at 3-4, Doc. 6, filed April 10, 2024 (also notifying Plaintiff that the Complaint failed to state a claim upon which relief can be granted). Judge Khalsa ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint. *See* Order to Show Cause at 7 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause or file an amended complaint by the May1, 2024, deadline.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction because: (i) the Complaint does not allege facts supporting jurisdiction; (ii) Plaintiff did not show cause why the Court should not dismiss her claims; and (iii) Plaintiff did not file an amended

complaint or otherwise respond to Judge Khalsa's Order to Show Cause. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**


　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　**WILLIAM P. JOHNSON**
　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES DISTRICT JUDGE**